LYLE REXROAD AND TERESA REXROAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rexroad v. Commissioner
Docket No. 12111-82.
United States Tax Court
T.C. Memo 1985-189; 1985 Tax Ct. Memo LEXIS 442; 49 T.C.M. (CCH) 1253; T.C.M. (RIA) 85189; April 17, 1985. Lyle Rexroad, pro se. Christine Barish, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 of $8,510 and an addition to tax under section 6653(a) [1] of $425. After concessions *443 by both parties, the only issue remaining for decision is whether petitioner Lyle Rexroad's boat racing activity during 1978 was an activity engaged in for profit under section 183. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Lyle Rexroad (hereinafter referred to as petitioner) and Teresa Rexroad, husband and wife, resided in Norco, California, at the time they filed the petition herein. During 1978, petitioner was a general partner in the Rexwood and Lee Construction Company, to which he devoted 40 hours a week. He never worked on weekends; instead, at least for some of the weekends in 1978, he engaged in boat racing. Petitioner first became interested in boat racing in 1977, during which year he was a spectator at two meets. From this experience, and after conversing with others involved in the sport, he concluded that his active participation in boat racing would not only be enjoyable but could be profitable. Therefore, he acquired a race boat and motor in 1977 for $8,090. But for *444 the two races he attended as a spectator, petitioner had no experience with boat racing. Indeed, the extent of his aquatic experience was ownership of a pleasure boat between 1970 and 1972.Nonetheless, petitioner began racing in 1978. The petitioner joined two racing organizations which generally held races on the weekends; on occasion the meets lasted three or four days. Each organization held ten meets. However, as petitioner chose not to attend the meets that were held east of California due to the extra cost involved, he raced in only 15 meets. The purses varied with the gate; the winner would get 7%-8% of the paid admission, which sometimes amounted to as much as $2,000. The second place finisher was the only other participant to share the purse; but the second place finisher's share was a fraction of the winner's earnings. The financial outcome of petitioner's undertaking was dismal. Over the course of his 15 races, he earned $350. However, he allegedly incurred expenses, including depreciation, of $10,466 [2]. Petitioner kept no books, and retained receipts to substantiate only a portion of his claimed expenses. By year end, petitioner realized the lopsidedness of *445 his venture and sold his boat. Petitioner claimed a net business loss of $10,116. Respondent disallowed the expenses deducted by petitioner, alleging that petitioner's boat racing activity was not an activity engaged in for profit. OPINION Pursuant to section 162, petitioner may deduct the expenses attributable to his boat racing if the racing is deemed a trade or business. It is a business if his primary purpose, and intention in engaging in the activity, is to make a profit. Allen v. Commissioner,72 T.C. 28 (1979).On the other hand, if petitioner's boat racing activity is an activity not engaged in for profit, he generally may not deduct expenses attributable to that activity. Secs. 183(a) and (c). [3] Thus, we must decide if petitioner's boat racing was an activity in which he engaged while possessing a profit objective. *446 Petitioner's profit objective need only be bona fide; it need not amount to a reasonable expectation. Golanty v. Commissioner,72 T.C. 411 (1979), 425-426, affd. without published opinion 647 F.2d 170 (9th Cir. 1981). A resolution of whether petitioner had a bona fide profit objective depends upon an analysis of all the surrounding facts and circumstances. Sec. 1.183-2(b), Income Tax Regs. The regulations suggest a non-exclusive list of nine "relevant factors" that may be employed in this analysis. The relevant factors are: (1) whether the taxpayer carried on the activity in a business-like manner; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of earnings in relation to the losses and investment. (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. From the surrounding *447 facts and circumstances, we find that petitioner did not engage in boat racing to make a profit. We therefore hold that his expenses in this activity, except as they might fit within the exception of section 183(b), are not allowed as a deduction. Petitioner stated at trial that he had intended to make money from his boat racing activities. However, the objective facts, which are of greater value to our analysis than petitioner's self-serving statement of intent, convince us otherwise. Petitioner had no experience in racing boats before 1978. His prior exposure to boat racing consisted of attending two races as a spectator the year before. Given that only the winner stood to win a significant sum of money, it is clear that petitioner would have to have won at least five of the 15 contests in which he entered to break even. It is incredible that given petitioner's lack of experience he could reasonably have intended to win more than one-third of his races. In addition, petitioner devoted only a minimal amount of his time and efforts to racing boats. He engaged in the activity only on weekends; the rest of his week was spent working in the construction firm in which he was *448 a general partner. And even then, he engaged in boat racing on only 15 weekends of the year. Another factor which supports our finding is the degree to which the expenses and investment dwarf the actual earnings. Petitioner's investment in the boat and motor was $8,090, and he claimed expenses for 1978 in excess of $10,000; however, his earnings from racing for 1978 were only $350. Additionally, petitioner has not provided us with evidence to controvert the recreational elements involved. In other words, while there is nothing wrong with enjoying one's work, petitioner must prove that his profit objection (rather than the recreational enjoyment) was predominant. This he has failed to do. Finally, petitioner did not conduct his racing activity in a businesslike manner. He kept no books, only haphazardly retained receipts, and did not open a business bank account. We find the conclusion inescapable from the record before us that petitioner engaged in an expensive hobby, not an activity entered into for profit. Consequently, none of his expenses from boat racing are allowable as a deduction, except to the extent allowed in section 183(b). To reflect the foregoing and the *449 concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner's claimed business expenses for 1978 are as follows: ↩
Trip Expenses
$4,500
Entry Fees
$ 750
Boat Expenses
$2,183
Depreciation
$2,033
Repairs
$1,000
3. In the case of any activity not engaged in for profit, the amount of the deduction for "business expenses" is limited to the amount of the gross earnings from the activity, diminished by those expenses that would be allowed as a deduction whether or not the activity was one engaged in for profit (e.g., interest expenses). Sec. 182(b).↩